FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RHONDA B.,[1]<br>        Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | No. 1:19-cv-03194-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 12, 13 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 12, and denies Defendant's motion, ECF No. 13.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §

ORDER - 3

416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On November 20, 2015, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of September 7, 2015. Tr. 77, 183-88. The application was denied initially, and on reconsideration. Tr. 111-14, 119-21. Plaintiff appeared before an administrative law judge (ALJ) on October 25, 2017. Tr. 38-76. At the hearing, Plaintiff amended her alleged onset date to be the same as her application date of November 20, 2015. Tr. 43. On September 12, 2018, the ALJ denied Plaintiff's claim. Tr. 12-33.

At step one of the sequential evaluation process, the ALJ found that Plaintiff had engaged in substantial gainful activity during the following periods: 2015 and January through March of 2017. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, borderline personality disorder, major depressive disorder, and anxiety disorder. Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 20. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. [Plaintiff] can unlimited balance, frequently stoop, kneel, and crouch and occasionally crawl. [Plaintiff[ must avoid concentrated exposure to extreme cold, heat[,] humidity, vibration, and hazards. [Plaintiff[ can understand, remember, and carry out simple, routine tasks.

Tr. 21.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a cashier. Tr. 26. The vocational expert also testified that a hypothetical individual with Plaintiff's RFC would be able to perform the occupations of fundraiser II and cleaner, housekeeping. Tr. 26. The ALJ noted that Plaintiff had performed these occupations in the past, but her performance did not meet the requirements of past relevant work. Tr. 26. Alternatively, at step five, the ALJ found that considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as storage facility rental clerk, packing line worker, and fast food worker. Tr. 27. Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in

ORDER - 7

the Social Security Act, from November 20, 2015, the date of the application, though the date of the decision. Tr. 28.

On June 18, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;
2. Whether the ALJ properly evaluated Plaintiff's symptom claims;
3. Whether the ALJ properly considered Plaintiff's substantial gainful activity at step one;
4. Whether the ALJ conducted a proper step-two analysis; and
5. Whether the ALJ conducted a proper step-three analysis.

ECF No. 12 at 2.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of the medical opinions of Morgan Liddell, M.D., Michael Brown, Ph.D., Thomas Clifford, Ph.D., Mary Pellicer, M.D., and Jose Diaz, PA-C. ECF No. 12 at 9-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

ORDER - 9

treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830–31. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews*, 53 F.3d at 1041.

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim*, 763 F.3d at 1161 (alteration in original); *see* 20 C.F.R. § 416.913 (2013).[2] However, an ALJ is required to consider evidence from non-acceptable medical sources. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); 20 C.F.R. § 416.913(d) (2013). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. § 416.913(d) (2013). An ALJ

---

[2] For cases filed prior to March 27, 2017, the definition of an acceptable medical source, as well as the requirement that an ALJ consider evidence from non-acceptable medical sources, are located at 20 C.F.R. § 416.913(d) (2013).

ORDER - 10

may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim*, 763 F.3d at 1161.

### 1. Dr. Liddell

On March 5, 2016, Plaintiff underwent a consultative psychological examination performed by Morgan Liddell, M.D. Tr. 415-20. Upon mental status examination, Dr. Liddell observed that Plaintiff was tearful, had frequent wringing of her hands and initially was apprehensive to begin a conversation, but became progressively more disclosing and cooperative. Tr. 418. Dr. Liddell noted that Plaintiff's thought process was normal, goal directed, and logical, and her speech was somewhat rapid in rate at times but normal in volume, articulation, spontaneity, coherence, and prosody. Tr. 418. Dr. Liddell reported that Plaintiff was positive for frequent suicidal ideation, but that she had no intent or plan at that time. Tr. 418. Dr. Liddell noted that Plaintiff denied any hallucinations, delusions, thought distortions, or preoccupation aside from her anxious concerns. Tr. 418. Plaintiff reported to Dr. Liddell that her mood was "really depressed," and her affect was observed to be significantly depressed but cooperative, tense, nervous, and apprehensive. Tr. 418. Dr. Liddell noted that her affect was somewhat labile, quickly becoming tearful at the beginning of their conversation, but was congruent with her stated mood and demonstrated full range. Tr. 418.

Dr. Liddell diagnosed Plaintiff with borderline personality disorder, bulimia nervosa, major depressive disorder, social anxiety disorder, alcohol use disorder in sustained full remission, methamphetamine use disorder in sustained full remission, and somatic symptom disorder. Tr. 419. Dr. Liddell stated that Plaintiff's "psychiatric illnesses are treatable with a good likelihood of substantial recovery and are likely to improve within the next 12 months" with treatment and continued sobriety. Tr. 419. Dr. Liddell concluded that Plaintiff did not have a psychiatric disorder that would impair her ability to manage her own funds in her best interest, perform simple and repetitive tasks, perform detailed and complex tasks, accept instructions from supervisors, perform work activities on a consistent basis without special additional instruction, or maintain regular attendance in the workplace. Tr. 419-20. Dr. Liddell also determined that Plaintiff's psychiatric disorder would moderately impair her ability to interact with coworkers and the public, complete a normal workday or workweek without interruptions, and manage usual stress encountered in the workplace. Tr. 420.

The ALJ gave Dr. Liddell's opinion partial weight, crediting Dr. Liddell's opinion that Plaintiff was able to perform simple and repetitive tasks, accept instruction, and maintain regular attendance in the workplace. Tr. 25. The ALJ gave little weight to the remainder of Dr. Liddell's assessment. Tr. 25. Because Dr. Liddell's opinion as to Plaintiff's ability to interact with coworkers and the

public and to complete a normal workday or workweek without interruptions was uncontradicted, the ALJ was required to provide clear and convincing reasons to discredit Dr. Liddell's opinion.[3] *Bayliss,* 427 F.3d at 1216.

The ALJ afforded little weight to Dr. Liddell's assessed limitations in social interaction and completing a normal workday or workweek. Tr. 25. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal citations omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons

---

[3] The State agency psychological consultants gave great weight to Dr. Liddell's opinion and agreed that Plaintiff was moderately limited in her ability to interact appropriately with the general public and to complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 85, 88, 101, 104-05. Drs. Brown and Clifford explained that Plaintiff's "interaction with the general public should be limited to no more than occasional superficial interaction," and she was capable of superficial interaction with coworkers. Tr. 88, 104-05. They also opined that Plaintiff "may have days of symptoms when irritable and symptoms may produce some absences from work; however nothing to show such of the frequency to preclude work." Tr. 88, 104-05.

ORDER - 13

will not justify an ALJ's rejection of a medical opinion."); *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (recognizing that conclusory reasons do not "achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Here, the ALJ concluded that Dr. Liddell's opinion that Plaintiff had a moderate impairment in her ability to interact with coworkers and the public was inconsistent with her demonstrated abilities, including working as a cashier for nearly the entire relevant time period. Tr. 25. However, the ALJ simply stated that Dr. Liddell opined Plaintiff had a moderate limitation in the ability to complete a normal workday or workweek, and then assigned little weight to this assessment. Tr. 25. This conclusory statement fails to meet the ALJ's burden of "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (internal citations omitted). The ALJ did not explain why she discounted Dr. Liddell's opinion that Plaintiff had a moderate impairment in the ability to complete a normal workday or workweek, an assessment that was not contradicted by any source in the record, and instead was consistent with the nonexamining opinions of Drs. Brown and Clifford, who both also found Plaintiff to be moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 88, 104. Defendant contends that by formulating an RFC limiting Plaintiff to work

ORDER - 14

that involves only simple, routine tasks, "the ALJ agreed that Plaintiff's impairments would, to some extent, interfere with her day-to-day work, but the ALJ reasonably found that with accommodations, any interference would not be disabling." ECF No. 13 at 13 (citing Tr. 18, 21). However, the explanation provided by Defendant was not offered by the ALJ. The ALJ's conclusory statement is insufficient because it provides no details to assess the basis for the ALJ arriving at the conclusion to assign little weight to this part of Dr. Liddell's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). On this record, the ALJ's decision to afford little weight to Dr. Liddell's opinion that Plaintiff had a moderate limitation in the ability to complete a normal workday or workweek is not supported by clear and convincing reasons.

**B.     Other Challenges**

Plaintiff raises several other challenges to the ALJ's evaluation of the medical opinion evidence and Plaintiff's symptom testimony, as well as the ALJ's analyses at steps one, two, and three. ECF No. 12 at 3-21. The Court declines to address these challenges here. However, the Court briefly addresses the following. First, Defendant does not dispute that the ALJ erred in her substantial gainful

activity calculations at step one. ECF No. 13 at 2-3. Instead, Defendant argues that any error by the ALJ in evaluating whether Plaintiff engaged in substantial gainful activity was harmless given that the ALJ proceeded through the sequential evaluation after step one. ECF No. 13 at 2. On remand, the ALJ shall reevaluate whether Plaintiff engaged in substantial gainful activity at step one. Second, the ALJ evaluated whether Plaintiff's fibromyalgia was a medically determinable impairment at step two under the 1990 American College of Rheumatology (ACR) Criteria for the Classification of Fibromyalgia ("1990 Criteria"), but failed to analyze Plaintiff's fibromyalgia under the 2010 ACR Preliminary Diagnostic Criteria ("2010 Criteria") as directed by SSR 12-2p.[4] *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1005 (9th Cir. 2015) (instructing the ALJ, on remand, to consider both the 1990 and 2010 diagnostic criteria when evaluating the claimant's fibromyalgia pursuant to the Commissioner's binding ruling in SSR 12-2p); *Mahoney-Garcia v. Colvin*, No. 3:14-cv-5599-RBL-KLS, 2015 WL 1965382, at *2-4 (W.D. Wash. Apr. 17, 2015). On remand, the ALJ is instructed to evaluate and determine whether Plaintiff's fibromyalgia is a medically determinable

---

[4] Social Security Ruling (SSR) 12-2p, 2012 WL 3104869, at *2-3 (Jul. 25, 2012), designates two separate sets of diagnostic criteria that can establish fibromyalgia as a medically determinable impairment.

ORDER - 16

impairment under the 2010 diagnostic criteria. SSR 12-2p, 2012 WL 3104869, at *2-3. Third, at step three, the ALJ shall address Plaintiff's vision test from February 27, 2017, which showed that Plaintiff's corrected vision was 20/400, Tr. 538, and, if necessary, the ALJ shall obtain additional medical evidence related to Plaintiff's eyesight. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Part A § 2.02 (In order to be considered disabled under Listing 2.02, a claimant must show that she has a loss of central visual acuity and that the remaining vision in her better eye, after best correction, is 20/200 or less.). Finally, the ALJ is directed to reconsider the medical opinion evidence, both physical and mental, as well as Plaintiff's symptom claims, in light of the new analyses at steps one, two, and three.

**C.  Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 12 at 13. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague*, 812 F.2d at 1232 (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc.*

ORDER - 17

*Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, further proceedings are necessary. As discussed *supra*, although Drs. Liddell, Brown, and Clifford all opined that Plaintiff had moderate limitations in her ability to complete a normal workday and workweek, Drs. Brown and Clifford further opined that Plaintiff "may have days of symptoms when irritable and symptoms may produce some absences from work; however nothing to show such of the frequency to preclude work," which is a qualification not offered by Dr.

ORDER - 18

Liddell. Tr. 88, 104-05. Further proceedings are necessary to properly evaluate the medical opinion evidence. Furthermore, even if all three credit-as-true prongs were met, remand for further proceedings would still be appropriate because Plaintiff's ability to work part-time for nearly the entire relevant period raises serious doubt that Plaintiff is, in fact, disabled. Tr. 24. Therefore, this case is remanded for further proceedings. The ALJ is instructed to conduct a new sequential analysis, including analyzing whether Plaintiff engaged in substantial gainful activity at step one, reevaluating Plaintiff's fibromyalgia at step two, addressing Plaintiff's alleged vision impairment at step three, and reevaluating the medical opinion evidence and Plaintiff's symptom claims in light of the new analyses at steps one, two, and three.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social

Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED April 2, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 20